UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

YOE CARLOS HERNANDEZ MARTINEZ,

Petitioner,

v.

ACTING OR CURRENT SECRETARY OF HOMELAND SECURITY et al.,

Respondents.

Case No. 5:26-cv-05422-SB-JDE

ORDER GRANTING HABEAS PETITION

Petitioner Yoe Carlos Hernandez Martinez was detained by Immigration and Customs Enforcement (ICE) on May 1, 2026. On September 14, Petition filed a petition for habeas corpus challenging the lawfulness of his detention and seeking immediate release. On September 22, the government filed a response to the petition stating in full:

> On September 14, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order requiring Respondents to release him from immigration detention. Dkt. 1. The Court, on September 17, 2026, entered the Notice of General Order 26-05 and Briefing Schedule, thereby adopting the standard procedures and briefing schedule under the General Order. Dkt. 5. The Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter.

Dkt. No. 11.

In light of the government's nonopposition to Petitioner's request for release, the Court grants the petition and orders as follows:

1. Respondents must immediately release Petitioner (A-208780506) from detention.

2. The government shall file a Notice of Release within 3 days of the issuance of this order.

Petitioner seeks broader, permanent relief, which the government does not address in its nonopposition. In prior cases where the government has not opposed immediate release, this Court has entered a permanent injunction—using language approved by the government—requiring compliance with applicable law on any future redetention or third-country removal. *See, e.g.*, *Garcia-Quiros v. Warden*, No. 5:26-cv-00439-SB-ADS (C.D. Cal. Jan. 31, 2026), Dkt. No. 22; *Karginov v. Bondi*, No. 5:26-cv-00329-SB-SP (C.D. Cal. Jan. 26, 2026), Dkt. No. 20; *Perez v. Marin*, No. 26-cv-01241-SB-KES (C.D. Cal. Mar. 31, 2026), Dkt. No. 12; *Fabian v. DHS*, No. 5:26-cv-02008-SB-E (C.D. Cal. May 1, 2026), Dkt. No. 9; *Chitamnath v. Marin*, No. 5:26-cv-03286-SB-ADS (C.D. Cal. June 25, 2026), Dkt. No. 11. It appears that similar relief is warranted here. The Court therefore enters the following additional relief.

> Respondents shall not remove Petitioner to a third country without written notice to Petitioner in a language the Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture prior to removal. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.
>
> Respondents are enjoined and restrained from redetaining Petitioner absent any of the following: (a) Petitioner's violation of his conditions of release pursuant to 8 C.F.R. § 241.13(i)(1); (b) a showing of changed circumstances under 8 C.F.R. § 241.13(i)(2) considering all the facts of the case including the factors set forth in 8 C.F.R. § 241.13(f); or (c) a determination by an

authorized official that any of the conditions of 8 C.F.R. § § 241.4(l)(2) are satisfied.

Judgment will be entered consistent with this order, subject to reconsideration. Any party objecting to this additional relief may file a motion for reconsideration by October 19, 2026.

Date: October 15, 2026

Stanley Blumenfeld, Jr.
United States District Judge